The Honorable Bill Walters State Senator P.O. Box 280 Greenwood, Arkansas 72936
Dear Senator Walters:
This opinion is being issued in response to your recent question regarding local firemen's pension funds.
You indicate that your question arises out of a situation in the City of Barling, which operates under the city administrator form of government. You state that there is a group of about thirteen retired firemen in Barling who are covered by a local pension plan that is administered by a board of trustees. The fund is in very good financial condition. The city administrator has suggested that the board of directors of the City of Barling declare the pension fund inactive, so as to dissolve the fund's board of trustees and consolidate the fund under LOPFI.
With this scenario as a background, you have presented the following question:
 Does the board of directors of the City of Barling have the authority to dissolve the local pension fund's board of trustees for the purpose of obtaining coverage under the state fire and police retirement system?
It is my opinion that the city board of directors does not have the authority to dissolve the local pension fund's board of trustees. However, the city board of directors does have the authority to elect to cover its firemen under LOPFI, thereby placing the money in the local fund within the administration of the LOPFI board and divesting the local fund's board of trustees of its duties.
Although A.C.A. § 14-48-124(a) grants the board of directors of municipalities operating under the city administrator form of government the authority to dissolve certain boards, that grant of authority does not allow the dissolution of boards of pension systems.
Municipalities are not given authority to exercise legislative power over pension systems, which are not municipal matters, but rather, are subject to state law. See A.C.A. § 14-43-601(a)(1)(F) and 14-43-602.
State law does, however, give municipalities that have local fire and police retirement systems the authority to take action to provide coverage for their local firemen and policemen under the state fire and police retirement system. In the City of Barling's situation, this would not be accomplished by declaring the local fund inactive. That approach is provided for in A.C.A. § 24-11-804, but is only applicable to local funds that cover less than four employees. Cities that cover more employees under their local plans must act pursuant to the provisions of A.C.A. §24-10-302(d), which states in pertinent part:
 (d)(1) In the event an employer has in effect for all or part of its employees a plan similar in purpose to this system, then by agreement with the board, after the board has received the advice of its technical advisors concerning the agreement, that employer may provide for coverage under this system of either part or all of the employee's employment previously covered or coverable by the other plan, but only if the coverage and resulting benefits under this chapter do not duplicate any benefits previously provided by the other plan.
 (2) In providing for such coverage, an employer and the board shall pursue uniform policies and shall not discriminate in favor of or against any employee or group of employees.
A.C.A. § 24-10-302(d).
In order to elect for coverage pursuant to this provision, it will be necessary for the city board to take the action required to effect a decision to provide for such coverage and to approach the state system's board regarding an agreement to do so. That agreement will address the logistics of the change of administration.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh